UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EVELYN MARTINEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Civil Action No. 11-01212 (CKK) |

MEMORANDUM OPINION
(October 12, 2011)

On June 27, 2011, Plaintiff Evelyn Martinez ("Martinez") commenced this action against Defendant, the United States of America (the "United States"), alleging that the United States, and in particular the Federal Bureau of Investigation, had run afoul of 42 U.S.C. § 1983 by failing to adequately investigate and respond to a series of "atrocities" that she allegedly suffered over a fourteen-year period.  *See* Compl., ECF No. [1].  On September 9, 2011, the United States served and filed its [6] Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss"), seeking the dismissal of this action in its entirety pursuant to FED. R. CIV. P. 12(b)(1) and (b)(6).

Because Martinez is proceeding in this action without legal representation, the Court advised her on September 10, 2011 that she was required to respond to the United States' Motion to Dismiss by no later than September 26, 2011.  *See* Order (Sept. 10, 2011), ECF No. [7-1], at 1-2.  In addition, in accordance with the instructions of the United States Court of Appeals for the District of Columbia Circuit in *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court provided the following warning: "**[i]f Martinez does not respond by the designated deadline, the Court shall treat the motion as conceded**," Order (Sept. 10, 2011) at 2 (emphasis in original).  Nonetheless, as of the date of this Memorandum Opinion, the public docket reflects

that Martinez has failed to respond to Defendant's Motion to Dismiss. Based on the absence of a timely response by Martinez, the Court shall, in an exercise of its discretion, treat the United States' Motion to Dismiss as conceded. *See* LCvR 7(b) ("If . . . a memorandum [in opposition to a motion] is not filed within the prescribed time, the Court may treat the motion as conceded."); *Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997) ("[T]he district court [may] rel[y] on the absence of a response as a basis for treating a motion as conceded."). Specifically, the Court shall treat as conceded the United States' leading argument that this Court lacks subject matter jurisdiction over the entirety of the Complaint because Martinez's "claims . . . are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" Def.'s Mem. of P. & A. in Supp. of Def.'s Mot. to Dismiss, ECF No. [6-1], at 4 (quoting *Roum v. Fenty*, 687 F. Supp. 2d 39, 42 (D.D.C. 2010)).

Furthermore, even assuming, *arguendo*, that the Court were inclined to reach the merits of the United States' Motion to Dismiss, it would nonetheless conclude that the Complaint "is patently insubstantial, presenting no federal question suitable for decision." *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (internal quotation marks omitted). In the Complaint, Martinez alleges that the United States "**HAS REFUSED OVER AND OVER TO INVESTIGATE [HER] CLAIMS INTO MASSIVE, WIDESPREAD ABUSES CIVIL AND CRIMINAL IN NATURE DESPITE THE FACT** IT HAS BEEN GOING ON FOR **14 PLUS YEARS STRAIGHT WITHOUT STOP, WITHOUT STOP** THE PLAINTIFF HAS BEEN TRYING EVERYDAY OF THOSE **14 YEARS** TO SURVIVE THE AMBUSH THAT HAS BECOME HER LIFE IN THE UNITED STATES OF AMERICA." Compl. at 3 (capitalization and emphasis in original). Martinez repeatedly claims that she has been the victim of a fourteen-year

"massive crime spree" that has allegedly included, *inter alia*, (1) the "signal interception" and interference with her home electronics, (2) "corrupts acts" by "officials at all levels of government," (3) "mail tampering" by the United States Postal Service, (4) the "sabotage" of her attempts to "establish relationships" with women, (5) "plots and schemes" designed to "defraud" her, (6) a "RICO hub of [u]njust [p]rofits" aimed at her "[r]epression," (7) "virtual [smuggling] tunnels," (8) the unexplained death of her dog, and (9) "stalking" by "mutants" and "civilians of all levels, all races and nationalities, all sexes, all marital status[es]." Such "fanciful claims" are "so attenuated and unsubstantial as to be absolutely devoid of merit." *Best*, 39 F.3d at 331-32 (internal quotation marks and citations omitted); *see also Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (district court properly dismissed action as patently insubstantial where the plaintiff alleged that he was the subject of a campaign of surveillance and harassment deriving from uncertain origins).

    For the reasons set forth above, the Court shall GRANT the United States' [6] Motion to Dismiss and DISMISS this action in its entirety WITHOUT PREJUDICE for lack of subject matter jurisdiction. An appropriate Order accompanies this Memorandum Opinion.

Date: October 12, 2011

                                                        /s/
                                      **COLLEEN KOLLAR-KOTELLY**
                                      United States District Judge